IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY HANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:25-CV-154-WKW |
| ) | [WO] |
| HOUSTON COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Plaintiff Courtney Haney, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action for alleged violations of her federal constitutional rights while incarcerated at the Houston County Jail. The complaint was docketed on February 24, 2025. (Doc. # 1.) Contemporaneously with the initiation of her complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. # 2.) However, she did not file the required documentation from her detention facility's inmate account clerk showing her average monthly balance and average deposits to her inmate account over the six-month period immediately preceding the filing of her complaint. Thus, on March 11, 2025, she was ordered to file the required documentation by March 25, 2025, and was warned that a failure to comply with the order would result in dismissal of her action. (Doc. # 3.) The March 11 Order was

returned to the court by the postal service as undeliverable. Also, handwritten on the envelope was the notation: "not here." (Doc. # 4 at 1.)

More than eleven weeks have passed since the docketing of the complaint, and Plaintiff has had no contact with the court. Unfortunately, the administration of this action cannot proceed if Plaintiff's whereabouts are unknown.

Because Plaintiff has failed to prosecute this action diligently, it will be dismissed without prejudice. Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). *Pro se* litigants are not excused from the requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The authority of courts to impose sanctions for failure to prosecute is longstanding and acknowledged by Rule 41(b). *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, the court finds a clear record of delay and that sanctions lesser than dismissal would not suffice. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 15th day of May, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
